## Case No. 5,581.

### GOODYEAR et al. v. PHELPS et al.

### [3 Blatchf. 91.][1]

Circuit Court, N. D. New York. Nov. 28, 1853.

PATENTS—INFRINGEMENT BY A CORPORATION—LIABILITY OF ITS DIRECTORS AND AGENTS.

The directors of a manufacturing corporation, who manage and superintend its business, and under whose direction it manufactures and sells articles which are an infringement of a patent, and its agents, who conduct its business of selling such articles, are responsible for such infringement, and will be restrained by injunction.

[Applied in Poppenhusen v. Falke, Case No. 11,279. Cited in Goodyear v. Berry, Id. 5,556; Jones v. Osgood, Id. 7,487; Needham v. Washburn, Id. 10,082; American Cotton-Tie Supply Co. v. McCready, Id. 295; Cahoone Barnet Manuf'g Co. v. Rubber & Celluloid Harness Co., 45 Fed. 584; Edison Electric Light Co. v. Packard Electric Co., 61 Fed. 1006.]

In equity. This was an application [by Charles Goodyear and the New England Car-Spring Company] for a provisional injunction [against Anson G. Phelps and others] to restrain an infringement of letters patent [No. 3,633], granted to Charles Goodyear, June 15th, 1844, and reissued December 25th, 1849 [Nos. 156 and 157], for an "improvement in India-rubber fabrics." It appeared that five of the defendants were stockholders in and directors of a Connecticut corporation; that another of the defendants was a stockholder in the corporation, and its secretary and general agent; and that the articles claimed to infringe were made by the corporation at its factory in Connecticut, and sold at its office in New York by such secretary and general agent, and by one of said directors, who was its selling agent. It was urged by the defendants, among other things, that they were not liable individually for the infringement charged, but that the corporation alone was liable.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

James T. Brady, for plaintiffs.

Francis B. Cutting and George Gifford, for defendants.

NELSON, Circuit Justice (after disposing of various points raised by the defendants). A point has been made, that the defendants are not liable for the infringement charged, as the only participation alleged in the same is as stockholders of an incorporated company, which company is engaged in manufacturing and selling the patented article. However that may be, it appears that the defendants are either directors of the company, who have the management and superintendence of the business, and under whose direction the articles are manufactured and sold, or are the agents of the same, concerned in conducting the business. On this ground, I am of opinion that they are responsible, and are properly made parties defendants. Injunction ordered.

[For other cases involving this patent, see note to Goodyear v. Central R. Co., Case No. 5,563.]