## TYLER *v.* GALLOWAY and others.

*(Circuit Court, N. D. New York. July 29, 1882.)*

**1. PATENTS FOR INVENTIONS—SUIT AGAINST INDIVIDUAL DEFENDANTS.**

The bill in this case was filed against defendants individually, alleging that they were members of a copartnership in which the extent of the interest of each member was measured by the number of shares he held in the copartnership as a joint-stock association. *Held,* that the unauthorized use of a patent by the agents of such association, in its business, for the benefit of its stockholders, must be considered as a use by each of them, from which each of them might be enjoined in a suit of this form, notwithstanding the fact that under the laws of New York, there being more than seven shareholders, the association could have been sued as a whole by suing the president, without making all the shareholders parties, and that a decree for injunction and accounting, with costs, should be passed.

**2. PRACTICE—COSTS OF DISMISSAL.**

As the evidence does not show that K. was a shareholder, although secretary, of the association, the bill must be dismissed as to him; but, as he answered jointly with D., without costs.

**3. SAME—AMENDMENT AS TO PARTIES.**

Plaintiff cannot amend his bill by alleging that defendants were severally president, secretary, and directors of the association, as this is unnecessary in a suit against them individually, and would be improper if intended to make the suit one against the association as a whole.

*George W. Hey,* for plaintiff.

*Henry R. Durfee,* for defendants.

BLATCHFORD, Justice. This suit is brought on reissued letters patent No. 8,832, granted to the plaintiff August 5, 1879, for an "improvement in cheese hoops," the original patent having been granted to William Steinberg, March 21, 1871. By agreement of parties the

case has been heard and a decision rendered (12 FED. REP. 567,) upon all questions in the suit, except that now presented for consideration. The question reserved was "the question of the liability of the defendants in this action under its present title and form, or any other question touching their liability as individuals or members of the Macedon Cheese Association, or the liability of the Cheese Association as a company."

The bill is filed against four persons—Galloway, Durfee, Kent, and Billings—individually, as defendants. It alleges that the defendants "at Macedon Cheese Factory," in the county of Wayne, New York, have "unlawfully and wrongfully made, or caused to be made, sold, or caused to be sold, used, or caused to be used," cheese hoops containing the patented inventions.

It appears that the defendants Galloway, Durfee, and Billings were members of a copartnership called the Macedon Cheese Association, with other persons; that the extent of the interest of the members in the copartnership was measured by the number of shares of stock held by each in the copartnership as a joint stock association; and that the number of holders of shares was greater than seven so that the association could be sued as a whole, under the laws of New York, by suing its president as such without all the shareholders parties. The plaintiff did not attempt to sue the association as a whole. It is shown that the infringing cheese hoop was owned by the association, and was used by its agents in making cheese in its business at its works for the benefit of its stockholders. Galloway, Durfee, and Billings were shareholders. The use aforesaid was a use by each of them, quite as much as if there had been a copartnership without shares of stock, or one with shares belonging to less than seven shareholders in number. The use by each was a tort, and each is liable to be enjoined. What the extent of the liability of each for profits and damages is, will be a question to be determined hereafter after a hearing on the report of a master on a reference for that purpose.

Kent is shown to have been secretary of the association but it does not appear on the present evidence that he was a shareholder. As the case stands the bill must be dismissed as to him, but without costs, as he answered jointly with Durfee.

The motion of the plaintiff to amend his bill by alleging that the defendants were severally president, secretary, and directors of the association is denied. If intended to aid the suit as one against the defendants individually, it is unnecessary. If intended to make

the suit one against the association as a whole, the plaintiff cannot now be allowed to put this suit into that shape.

The usual decree for an injunction and an accounting against all the defendants but Kent, with costs, must be entered.

See S. C. 12 FED. REP. 567.