EDISON ELECTRIC LIGHT CO. et al. v. PACKARD ELECTRIC CO. et al.

(Circuit Court, N. D. Ohio, E. D.   September 6, 1893.)

No. 5,141.

1. PATENTS—ACTIONS FOR INFRINGEMENT—PREVIOUS DECISIONS AS TO VALIDITY.
   Adjudications establishing the validity of a patent, after protracted litigation, although not controlling a circuit court in another circuit, authorize it to find the patent valid in a suit for infringement involving the same questions of fact and law.

2. EQUITY PRACTICE—PLEADINGS AS EVIDENCE—ASSIGNMENT OF PATENT.
   Averments, in a bill for infringement of a patent, that proper and valid assignments of the patent were made, are sufficient proof of title by assignment, where answer under oath is waived, and no affidavits denying the alleged transfer are offered.

3. PATENTS—INJUNCTION AGAINST INFRINGEMENT — OFFICERS AND AGENTS OF NONRESIDENT CORPORATION.
   Officers, agents, and stockholders of a corporation, made defendants and served with process in a suit for infringement of a patent by them while acting for the corporation, may be restrained from such infringement, although the corporation is not a party, and is not within the jurisdiction of the court.

This was a suit by the Edison Electric Light Company and another against the Packard Electric Company, James Ward Packard, and William D. Packard, for infringement of letters patent.

William B. Bolton and Frederick P. Fish, for plaintiffs.

E. B. Taylor, Henderson, Kline & Tolles, and A. P. Smith, for defendants.

The following cases were cited to the point that the officers, stockholders, or agents of a corporation cannot be enjoined individually from infringing a patent, when the corporation for which they act has not been served with process: Ambler v. Choteau, 107 U. S. 586, 1 Sup. Ct. 556; Osborn v. Bank, 9 Wheat. 738; Kane v. Candy Co., 44 Fed. 287; Refrigerating Co. v. Gillett, 30 Fed. 685; Mexican Ore Co. v. Mexican Guadalupe Min. Co., 47 Fed. 351; Howard v. Plow Works, 35 Fed. 743.

RICKS, District Judge. The complainants in this case file their bill to sustain the validity of the several patents therein set forth, issued to Thomas Alva Edison at the several dates named, and pray for an injunction against the several defendants named, to restrain them from infringing the aforesaid patents. The bill avers that these patents have been held to be valid by the United States circuit court of appeals for the second circuit, and by the various other circuit courts enumerated in the bill. It claims that the title to the patents set forth was duly assigned to the complainants, and offers affidavits establishing the fact that the defendants are infringers.

The first defense set up by defendants' counsel is that the patents have not been so fully sustained as to make the adjudications in the several cases named conclusive or binding upon this court. I do not understand that complainants insist that these adjudications are absolutely conclusive, but that they are authority of the very highest nature. I understand the rule to be well settled that the judgment of a circuit court in another circuit, while not controlling, is entitled to the highest consideration. Mr. Justice Miller states the rule to be thus:

"I think that the uniform course of decisions in the courts of the United States, where a previous decision has been had by a circuit court with regard to the validity of a patent, has been to treat it as of the very highest nature, and as almost conclusive in an application for injunction in another case founded on the same patent."

The complainants have established the validity of their patent by these several adjudications after a protracted litigation extending over several years, and by a very large expenditure of money. To ask this court to go through the labor to pass upon a case involving the same questions of law and fact, and to compel the complainants, in each district where an infringement may take place, to incur such additional expenditure of money, would be a great hardship. I accept the decisions of the several circuit courts named as sufficiently persuasive to authorize me to find the letters patent valid.

The next contention is that there is not sufficient proof of title by assignment of the patents to the complainants in this case. The complainants, in their bill, under oath, aver that proper and valid assignments of these patents were made. The answer of the defendants under oath is waived. Under these pleadings the answer of the defendants is not evidence in their favor as to the averments therein contained. They might have offered affidavits

denying that the title had been transferred by assignment, as claimed in the bill, which would have put the complainants upon their proof as to such assignments. Having failed in this, the averments of the bill control, and upon this point the court must find the proof satisfactory.

The question of infringement is clearly made out, so far as the New York & Ohio Company, its agents, officers, and stockholders are concerned. It is substantially conceded in the answer and affidavits that, so far as the lamp made by that corporation is concerned, the infringement is established as true. But as to the Packard Electric Company the infringement is denied. In the conclusion reached by the court, it is not necessary to pass upon the question of infringement as to this particular defendant.

The complainants further charge in their bill that the defendants, to embarrass the complainants in their remedies, conspired together, and, intending to infringe said Edison letters patent under cover of said organization, but for their individual benefit, caused to be organized and incorporated the Packard Electric Company, under the laws of the state of Ohio, and that thereafter, in pursuance of said conspiracy, "and with a view of still further embarrassing your orators," caused to be organized, under the laws of West Virginia, a corporation known as the New York & Ohio Company, with a nominal capital, and that by combination and collusion the business of manufacturing and selling incandescent lamps, in infringement of complainants' letters patent, has been conducted by William D. Packard, J. Ward Packard, and J. W. Peale, for their own personal benefit, and for the benefit of the said New York & Ohio Company; and that the said defendants have organized and operated both said corporations, not in good faith, but as an expedient to avoid the legal consequences of their acts in the infringement of said Edison letters patent, which they well knew they were infringing.

It seems, from the evidence on behalf of the defendants, that the Packard Electric Company, for the more convenient conduct of its business, made a lease of a part of its factory to the New York & Ohio Company for the purpose of enabling it to manufacture incandescent electric lamps. This business has been carried on by the New York & Ohio Company principally through the active efforts of the two Packards before named. Some proof has been offered on behalf of the complainants tending to show that this lease and business arrangement were a subterfuge and a fraud intended to embarrass the complainants by having the infringement done through an irresponsible and nonresident corporation. Serious allegations of fraud and collusion are made in the bill, which it is not necessary, for the purposes of this case, to determine. The case, upon the evidence before me, will therefore be considered removed from all question of fraud or fraudulent intent, so far as the defendant the Packard Electric Company is concerned. It must rest upon complainants' right to an injunction against those of the defendants who are infringing its patents while acting as officers, agents, employés, or stockholders of the New York & Ohio

Company. Can they be enjoined from infringing in a case in which the corporation for which they act is not made a defendant, and is without the jurisdiction of the court? That corporation was created under the laws of the state of West Virginia, and, in a patent suit, can only be sued in that jurisdiction. Can the complainants reach its officers, agents, and stockholders, and procure an injunction against them in this district, without service upon the corporation? If the complainants now prayed for full relief as against them, and asked for an accounting for profits and damages against the officers, agents, and stockholders, without service upon the corporation, and that was now the question under consideration, the case would present greater difficulties. Where the corporation is a defendant, and duly served, its officers and stockholders cannot shield themselves from liability for damages behind their corporation. While its liability may be primary, and while, if solvent, it may be first held accountable, it has been held no legal defense for stockholders or officers to insist upon such prior or exclusive liability as a shield and protection for their wrongful acts. Tyler v. Galloway, 13 Fed. 477.

But it is insisted that the complainants cannot bring their suit against the officers of a foreign corporation in this district, and by this sort of indirect proceeding accomplish what they could not do by a proceeding directly against the corporation itself. It is true the corporation cannot be sued here. It does not travel from state to state, through its officers, to confer jurisdiction wherever they may be found and served with process. A suit to establish the validity of a patent, its infringement, and to recover damages and profits for such infringement, must, under the recent legislation of congress, be brought in the state where the corporation was created, and in the judicial district where it is located, and of which it is a citizen. But in a suit of this character, where, for the present, the only relief sought is an injunction to restrain the wrongful act of infringement, may not such illegal and tortious act be restrained wherever committed? An infringement is a tort. Root v. Railway Co., 105 U. S. 189. The act done is wrong and illegal in itself, no matter by whom performed. It is wrong to make, to use, or to sell infringing devices without license from the patentee. It is wrong to do either, wherever done, or by whomsoever done. Can a corporation created in one state send its officers, agents, and stockholders into another jurisdiction, to there infringe a patent, and claim immunity from the process of a court of equity restraining such wrong, because its agents doing the illegal act are acting for it as a nonresident corporation exempt from service of process from that court? The law throws around a patentee every protection possible. The patent law contemplated that the inventor should have a monopoly of his patent, and it has undertaken to give him full and speedy relief against all who encroach upon his rights. An infringement of a patent adjudicated to be valid, and useful to the public, is declared by law to be illegal, and I think may be restrained wherever it is committed, and by whomsoever it is done, without license.

The courts have gone so far as to restrain the officers of a corporation who aided in promoting the infringing sale or use by transporting the infringing articles. In the case of Supply Co. v. McCready, 17 Blatchf. 291, Fed. Cas. No. 295, Judge Blatchford enjoined the officers of the Old Dominion Steamship Company, from transporting from New York to Norfolk, Va., cotton ties which were an infringement of letters patent owned by Brodie & McComb. The corporation was a citizen of Delaware, and was not served with process, or made a defendant in the case. Its president and general freight agent were made defendants, and, the restraining order was to prohibit them from accepting or transporting, as freight, any cotton ties infringing patents owned by the complainant. The defendants answered that they were only officers of a corporation, which was not sued, which was a common carrier, and, as such, transported all freight tendered, and that they could not be expected to know what articles of manufacture offered for shipment were infringements of patents, and that, therefore, an injunction of the character prayed for would be a great hardship. But Judge Blatchford met the objections, and said:

"It is entirely clear that the owners of infringing and unlicensed cotton ties, who are causing them to be transported by vessels of the Old Dominion Steamship Company, are sending them for sale and use, and are employing said company and its officers as agents and servants in promoting such sale and use. It would seem, on principle, that there ought to be no difficulty in restraining by injunction all persons, whether officers of the corporation or not, who are aiding in the promotion of the infringing sale and use, whether such persons would be liable for profits and damages or not. It has been so held by this court. Goodyear v. Phelps, 3 Blatchf. 91, Fed. Cas. No. 5,581."

The court extended relief in that case further than we are asked to do in this case. The defendants in the case cited were merely promoting the sale and use of the infringing articles by transporting them as common carriers. In this case they are active in the infringement itself, and interested, as officers and stockholders of the corporation infringing, in the profits to be realized from the illegal acts. The acts they are performing are flagrant, and the proximate cause of the injuries inflicted upon the complainants. They are illegal and tortious, and the complainants are entitled to have the infringement suppressed, without reference to whether the infringers are acting for themselves, or whether they are acting in a representative capacity for others, who are nonresidents of this district. When the act to be restrained is lawful, but becomes illegal only when performed by a certain person, the injunction can only restrain that person or his agent from doing the forbidden act; but when it is an illegal and tortious act, no matter by whom or where it is done, the perpetrator may be restrained wherever found.

Conceding, therefore, that the defendants are free from all fraudulent combinations, and have not thrown around themselves the shield of a nonresident corporation for the purpose of embarrassing the complainants in securing relief against an illegal and deliberate infringement, as alleged in the bill, I still think the complain-

ants are entitled to relief, at least to the extent of suppressing the infringement, even though it is done by the officers, agents, and stockholders of a corporation not itself made a defendant, and not amenable to the process of this court. There is no injustice or wrong done to the defendants enjoined. They are guilty of a tort in committing this infringement, or in aiding or abetting it. They are jointly and severally liable for the tort. The corporation accepts and receives the benefit of their wrongful acts. Would it be equitable to say to the complainants: "You shall not have an injunction to restrain or suppress this wrong, though it is done in this jurisdiction, and without excuse or justification; but you can have relief by going to West Virginia, and proceed against the corporation itself for a wrong done, and continuing to be done, in Ohio"? Then relief by such a long-distance proceeding would be slow and embarrassing. The law encourages no such subterfuges. Equity abhors defenses which are not based upon merit or right, but suggest evasive and embarrassing remedies for wrongs substantially conceded. A wrong is being committed daily to the complainants in this jurisdiction by at least two defendants, who are infringers, who are served with process, and who are now before the court. This court, in my judgment, has the right and power to restrain that wrong, no matter in what character or representative capacity it is done. The refusal to grant relief would work great and irreparable injury to the complainants. The allowance of the injunction will stop the wrongful acts, and the wrongdoers cannot complain because it deals with them as individuals when they are in fact agents and stockholders. The wrong will be restrained, and the complainants left to secure their remedy for damages for the infringements already made by such proceedings as the law provides.

I have carefully considered the several authorities cited by the defendants, denying to the court the right to enjoin the defendants the Packards without service upon their corporation, for which they act; but none of them, in my judgment, cover the precise question herein decided.

I have based this decision upon such broad principles that, if in error, the defendants can speedily secure relief by appeal.

The injunction is refused as to the Packard Electric Company. It denies that it ever infringed, but claims, if it did, that it was prior to 1891, and disclaims any intention to infringe in the future. This refusal of a writ is made without prejudice to complainants' right to move for an injunction, on short notice, if hereafter said defendant should manufacture a lamp which infringes complainants' patents. The injunction is allowed as to James Ward Packard and William D. Packard, who will be enjoined from making, selling, or using infringing lamps, whether acting for themselves, personally, or for the New York & Ohio Company, as officers, agents, or stockholders.

A decree may be prepared in accordance with this opinion.