NATIONAL CASKET CO. v. STOLTS.

(Circuit Court of Appeals, Second Circuit. January 12, 1905.)

No. 60.

1. PATENTS—SUIT FOR INFRINGEMENT—PROOF OF INFRINGEMENT.

In a suit for infringement of a patent against an individual defendant, who is described as being president and treasurer of a joint-stock association organized under the laws of New York, the bill is not sustained by proof of the sale of an infringing article by the association, where there is neither allegation nor proof that defendant is a stockholder therein, there being no statute requiring that the president or treasurer of such associations should be stockholders.

2. SAME—APPEAL—REMAND FOR REOPENING OF CASE.

Where the record on appeal in a suit for infringement fails to show any connection between the defendant and the act of infringement proved, the court will not remand the case to permit the amendment of the pleadings and the introduction of new evidence to prove such connection, nor to substitute as defendant the party shown to have infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 127 Fed. 158.

This cause comes here upon appeal from a decree of the Circuit Court, Southern District of New York, upon pleadings and proofs, dismissing the bill of complaint in a suit brought for infringement of United States patent 619,567, issued February 14, 1899, to William Hamilton for an improvement in face plates for burial caskets.

F. S. Warfield, for appellant.

Hans v. Briesen, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

LACOMBE, Circuit Judge. We find it unnecessary to discuss the other questions arising upon this appeal, because we are satisfied that complainant has not proved any act of infringement committed by the defendant. The bill is entitled "National Casket Company v. Julius W. Stolts," and recites that complainant "brings this, its bill of complaint, against Julius W. Stolts, who is, as your orator is informed and believes, the president and treasurer of a joint-stock association organized under the joint-stock association law of the state of New York, having at least eight stockholders,

and carrying on business within the borough of Manhattan, city and county of New York, in the state of New York, and said Julius W. Stolts being a citizen of the state of New York and a resident of the Southern District of New York." It further alleges that "the defendant, who is the president and treasurer of the joint-stock association J. & J. W. Stolts, has conspired with others to infringe upon the rights of your orator." And that "said defendant * * * at the place of business of the said joint-stock association J. & J. W. Stolts, in the borough of Manhattan, city of New York, [committed certain specified acts of infringement] by which complainant has been and is still being deprived of great gains and profits which it might and otherwise would have obtained, but which have been received and enjoyed and are being received and enjoyed by the said defendant and by the said joint-stock association by and through such aforesaid unlawful acts and doings." It further prayed that defendant specifically answer certain questions, one of which is "whether or not J. & J. W. Stolts is a joint-stock association having at least eight stockholders, organized under the laws of the state of New York, having its principal place of business in the * * * city of New York, * * * and whether he is president and treasurer thereof." The bill concluded with a prayer for the granting of a writ of subpœna "directed to the said defendant Julius W. Stolts," commanding him to appear and answer.

Manifestly, this is not a bill of complaint against the joint-stock association. Stolts is averred to be the president thereof, but he is not sued as president. The bill is against him individually. And the suit has been conducted as one against him individually. The answer is by "Julius W. Stolts defendant." It denies that he has committed the acts of infringement charged, and as to the interrogatory above-quoted contains the following clause: "And this defendant states that the interrogatory relating to J. & J. W. Stolts being immaterial so far as this defendant as a party to this suit is concerned, and impertinent and not relevant to be answered unto by him, the said J. & J. W. Stolts not being parties hereto, this defendant declines to answer said interrogatory." At the taking of testimony counsel appeared "for defendant," and the final decree is entitled as the bill was, and recites that the dismissal is "on motion of solicitors for the defendant." The only act of infringement shown is the sale of a burial casket by J. & J. W. Stolts, a joint-stock association, at their place of business in New York City, on October 15, 1901. It was proved that the joint-stock association was organized January 27, 1896, that the number of its stockholders was eight, its place of business in New York City, and that Julius W. Stolts was in January, 1901, its president and treasurer. It was admitted by the defendant's counsel that at the time of the commencement of the suit in October, 1901, the defendant was such president and treasurer. It does not appear that the statutes of New York require that the president or treasurer of a joint-stock association should be a shareholder therein, and there is no proof in the record that defendant is, or ever was, a shareholder or associate in such joint-stock association. In Tyler v. Galloway (C.

C.) 13 Fed. 477, it was held by Justice Blatchford, sitting at circuit in the Southern District of New York, that members of a joint-stock association might be held as infringers when it was shown that acts of infringement had been committed by the association, on the theory that an infringing use by the association was "a use by each of them, quite as much as if there had been a copartnership without shares of stock." It was further held that one of the defendants in that suit, who was shown to have been the secretary of the association, but did not appear to be a shareholder, was entitled to a dismissal of the bill. The propositions laid down in the case cited seem entirely sound, and are determinative of the question whether complainant herein is entitled upon the present record to recover against Julius W. Stolts individually. No infringing act committed personally by Stolts or by any partnership or association of which he is or was a member having been proved, defendant was entitled to a dismissal.

Complainant seeks to cure the defects in the record in either of two ways: First, he asks that, in the event of this court's being satisfied that the patent is valid, and that the casket sold by the association infringes its claims, the cause be remanded, with instructions to the Circuit Court to allow complainant to amend so as to aver that Stolts was a stockholder, and to reopen the cause so as to allow him to prove such amendment. No authority disposing in such way of a similar situation has been called to our attention, and such disposition would be fruitful of abuses. If relief were granted in one cause, it might be fairly claimed in another, and so whenever upon analysis of a record on appeal this court might reach the conclusion that the complainant's proof was not sufficiently convincing to show an act of infringement by defendant, a motion would be at once made to reopen the cause so as to give complainant a chance to make his case stronger. Such practice should not be encouraged.

The complainant next asks to amend the bill and the subpoena by adding after the name Julius W. Stolts the words "as president and treasurer," etc. This amendment would bring in a new party, not a merely formal party, who has no interest in the controversy, or one through whom some party already in derives title. It would be an attempt to substitute one person for another as defendant in an action on tort after judgment. No authority cited by complainant warrants the granting of such extraordinary relief, and if it were granted it would avail nothing. Amendment of the subpoena would not bring in the new person until that person be served with it; and, when served, such person, who has not yet had any day in court, would be entitled as of right to answer, to cross-examine, and to put in proof. This would amount to an entire retrial of the action, and it is quite as easy and far more orderly to begin a new one.

The motions to reopen and to amend are denied, and the decree of the Circuit Court is affirmed, with costs.